UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD V. WALKER,

        Petitioner,

v.                                                                 CASE NO. 2:07-10133
                                                                   HONORABLE VICTORIA A. ROBERTS

DOUG VASBINDER,

        Respondent.
_____/

**ORDER GRANTING IN PART RESPONDENT'S MOTION TO DISMISS,
STAYING THE EXHAUSTED CLAIMS,
DISMISSING THE UNEXHAUSTED CLAIMS,
AND CLOSING CASE FOR STATISTICAL PURPOSES**

Petitioner Clifford V. Walker has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. Currently pending before the Court is Respondent's motion to dismiss the habeas petition for failure to exhaust state remedies. Although the Court agrees that Petitioner has not exhausted state remedies all his claims, the Court believes the prudent course of action is to stay the exhausted claims and dismiss only the unexhausted claims rather than dismiss the entire habeas petition. Accordingly, the Court will grant Respondent's motion in part and dismiss Petitioner's unexhausted claims. Petitioner will have an opportunity to pursue state court remedies for his unexhausted claims or to file an amended petition containing only his exhausted claims.

## I. BACKGROUND

The habeas petition and exhibits allege that, on April 13, 2004, Petitioner pleaded no contest in Macomb County Circuit Court to three counts of first-degree criminal sexual conduct. On May 5, 2004, the trial court sentenced him to concurrent terms of thirteen and a half to forty years in prison.

Petitioner moved to withdraw his plea, but the trial court denied his motion. Petitioner appealed the denial of his motion to withdraw the plea on the grounds that (1) there was an insufficient factual basis for his plea and (2) his plea was not voluntary because it was entered with the mistaken belief that he could appeal the denial of his pretrial motions. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Walker*, No. 264381 (Mich. Ct. App. Sept. 14, 2005).

Petitioner raised the same issues in a *pro se* application for leave to appeal in the Michigan Supreme Court. He also raised two new issues, namely, that he was denied an interlocutory appeal and that the officer who interrogated him ignored his request for a lawyer. On December 27, 2005, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Walker*, No. 129799 (Mich. Sup. Ct. Dec. 27, 2005).

The pending habeas petition is dated December 20, 2006, and was filed by the Clerk of Court on January 8, 2007. The grounds for relief read:

 I. Conviction obtained by a no-contest plea by my lawyer[.] I did not voluntarily plea[d], nor understand the charges or the consequences of [the] plea.

 II. No factual basis for 3 counts of first degree CSC.

> III. The detective continued to question me after I ask[ed] for a lawyer.
>
> IV. I have about 40 things I would like to bring up, like I ask[ed] for an inter[]rogatory appeal, the judge denied me a new lawyer, I was not allowed witnesses, the detective p[e]rjured himself, my lawyer threatened me, the judge threw out all the motions, the P.S.I. is incorrect, if they would have [ac]cepted the truth in the beginning they wouldn't have had to work so hard to learn nothing.

Respondent alleges in his motion to dismiss that Petitioner did not exhaust state remedies for his third and fourth claims and, therefore, the entire petition should be dismissed.

## II. DISCUSSION

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies . . . ." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing 28 U.S.C. § 2254(b)(1)). This exhaustion requirement gives the State an opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. at 29 (citing *Duncan v. Henry*, 513 U.S. at 365-66, and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Presentation of a claim for the first time to a state's highest court on discretionary review, without more, does not constitute "fair presentation" for purposes of the exhaustion doctrine. *Castille v. Peoples*. 489 U.S. 346, 351 (1989).

Petitioner arguably presented his first claim (involuntary plea) in both state appellate courts, although it is somewhat unclear as to whether he alleged the same underlying facts in state court as he does here. Petitioner clearly presented his second claim (no factual basis) in the Michigan Court of Appeals and in the Michigan Supreme Court. Petitioner raised his third claim (interrogation after request for counsel) in the Michigan Supreme Court, but not in the Michigan Court of Appeals. The multiple issues mentioned in Claim IV also were not raised in both state courts.

At best, Petitioner exhausted state remedies for his first and second claims, but not his third and fourth claims. Thus, the habeas petition is a "mixed" petition of exhausted and unexhausted claims.

Absent unusual or exceptional circumstances, a federal district court must dismiss habeas petitions containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *O'Guinn v. Dutton*, 88 F.3d 1409, 1412-13 (6th Cir. 1996). This leaves the petitioner with the option of returning to state court to exhaust state remedies or of filing an amended petition in federal court with only the exhausted claims. *Rose,* 455 U.S. at 510.

A dismissal of this action could result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). See 28 U.S.C. § 2244(d). "The combined effect of *Rose* and AEDPA's limitations period is that if a petitioner comes to federal court with a mixed petition toward the end of the limitations period, a dismissal of his mixed petition could result in the loss of all of his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state

4

court to exhaust his unexhausted claims." *Pliler v. Ford*, 542 U.S. 225, 230 (2004).

In light of this dilemma, courts are not precluded from

> retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so when AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims, see 28 U.S.C. § 2254(b)(2) (1994 ed., Supp. V), and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period.

*Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring).

> [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").
>
> . . . . And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. See *Zarvela v. Artuz*, 254 F.3d 374, 380-81 (2d Cir. 2001)].

*Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Petitioner claims to be ignorant of the law, and he does not appear to be engaged in abusive litigation tactics or intentional delay. Additionally, the Court is unable to say that all the allegations in Petitioner's fourth claim are plainly meritless, although Petitioner likely waived review of some of the issues and his third claim when he pleaded no contest. *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001).

## III. CONCLUSION

It would not be an abuse of discretion to hold Petitioner's first two claims in abeyance and permit Petitioner to pursue state remedies for his unexhausted third and fourth claims. Accordingly, Respondent's motion to dismiss is GRANTED in part. Petitioner's third and fourth claims are dismissed without prejudice, but his first and second claims are stayed.

The Court's stay of Petitioner's exhausted claims is conditioned on Petitioner filing a motion for relief from judgment, *see* Mich. Ct. R. 6.502, in the trial **within sixty (60) days** of the date of this order. Alternatively, Petitioner may delete his unexhausted third and fourth claims and submit to this Court an amended habeas petition containing only his first and second claims. If Petitioner chooses to pursue state remedies for his unexhausted claims and is unsuccessful in state court, he may seek reinstatement of this action, provided that he does so within **sixty (60) days** of exhausting state remedies.

The Clerk of Court shall close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of Petitioner's claims.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 31, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on August 31, 2007.

s/Carol A. Pinegar
Deputy Clerk